**Arsenio NAZARIO NIEVES a/k/a Arsenio Nazario Martinez, Petitioner-Appellant,**

v.

**Gerardo DELGADO, Warden, Respondent-Appellee.**

**No. 74–1039.**

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1975.

Decided March 5, 1975.

Santos P. Amadeo, Rio Piedras, P. R., with whom Jose Enrique Amadeo, Rio Piedras, P. R., was on brief, for petitioner-appellant.

Lirio Bernal Sanchez, Asst. Sol. Gen., with whom Miriam Naveira De Rodon,

---

Sol. Gen., San Juan, P. R., was on brief, for respondent-appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Only with difficulty do we perceive through the constant reiteration of petitioner's conclusory statement that the Puerto Rico prosecuting attorney is "an arm of the committing magistrate" and "a one man grand jury," the basic facts from which that conclusion is sought to be drawn. Petitioner in September, 1962, knife in hand, approached a policeman and confessed to killing a minor government official. Subsequently, after being warned of his rights—other than a right to counsel, if such existed— he repeated this confession to the prosecuting attorney and subscribed to it in writing. The prosecutor prepared an information[1] and presented the written confession, together with certain other evidence, to a magistrate. The magistrate, acting under Puerto Rico law, P.R. Crim.Code, Art. 100 (1952),[2] found probable cause and issued a warrant of arrest and an order respecting bail. Thereafter petitioner was tried and convicted of murder. The conviction was affirmed on appeal. People v. Nazario Nieves, 1971, 100 D.P.R. 232.

In this petition for habeas corpus petitioner says that since under the statute, Art. 100, ante, the prosecutor must be satisfied that there is probable cause to prosecute, he is an arm of the magistrate, making the interview a critical stage in the criminal proceedings and hence entitling petitioner to be advised of a right to counsel under Coleman v. Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, (although neglecting to note that Coleman is not retroactive, Adams v. Illinois, 1972, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202), and rendering

the proceedings violative of the Fourth Amendment under Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, for lack of an impartial neutral.

This argument is so homogenized that we must try to divide it into specifics. First, petitioner may mean to suggest that the prosecutor was an arm of the committing magistrate in obtaining and presenting evidence, so that the magistrate was infected and hence not a neutral in determining probable cause. This is as illogical as it would be to say that the United States Attorney is an arm of the District Judge.

Accordingly it must follow that petitioner is claiming that he was constitutionally entitled to two neutral determinations of probable cause—an unheard of proposition. It is true that the statute requires that the prosecutor find probable cause. This is but an articulated admonition of what must exist in every case: a prosecutor should never prosecute, nor an officer seek a warrant, unless he first satisfies himself that he has grounds for so doing. The fact that the legislature sees fit to call the prosecutor's duty to him in writing gives no special, and particularly no constitutional, rights to a prospective defendant. It follows from this that the prosecutor's examination could not be held a critical stage within Coleman v. Alabama, ante, even before the precise scope of Coleman was recently defined in Gerstein v. Pugh, n. 1, ante, and quite apart from the fact that Coleman is not retroactive anyway.

The only contention remaining to petitioner would be that he was entitled to counsel at a prosecutorial interrogation in any event. This, of course, was not the law in 1962. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Adams v. Illinois, ante.

Affirmed.

1. Petitioner's irrelevant criticisms of Puerto Rico's information practice are answered most recently in Gerstein v. Pugh, 2/18/75, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54.

2. "If, however, it appears from the examination of the witness that a public offense has

been committed, and there is sufficient cause to believe the defendant guilty thereof, the prosecuting attorney shall submit to a magistrate evidence of the probable cause of the commission of a public offense by the defendant, and if the magistrate considers that there is probable cause, he shall issue a warrant of arrest of the defendant."