EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMIRO FORTI VELÁZQUEZ, acusado y apelante.

*Número:* CR-76-54     *Resuelto:* 23 de julio de 1976

*Santos P. Amadeo* y *José Enrique Amadeo,* abogados del apelante; *Miriam Naveira de Rodón, Procuradora General* y *Adolfo J. Vila, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de conducir un vehículo de motor bajo los efectos de bebidas embriagantes. El agente que intervino con el apelante declaró que despedía un fuerte olor a licor, que "[t]enía los ojos rojizos; le ordené que caminara lo cual hacía dando tumbos, al caminar no se sostenía firme en sus pies y tenía que sostenerse del vehículo de su propiedad."

El apelante al declarar en su defensa afirma que fue detenido por conducir a mayor velocidad de la autorizada, pero que luego de un incidente con el policía que lo detuvo otro agente que llegó aconsejó al primer policía que lo denunciara por guiar en estado de embriaguez; que él le pidió al policía que le tomara la muestra de sangre, pero que el agente no le hizo caso. Cuando el fiscal le preguntó por qué no le pidió al magistrado ante quien fue llevado que solicitaba que se le hiciera el análisis de sangre contestó: "No me atreví, temí que me echaran quince días de cárcel sin fianza por argumentar en el tono de voz que yo argumento, algo así."

La prueba antes relatada, creída como fue por el juez de instancia, justifica la convicción del acusado.

■ El apuntamiento de que procedía celebrarle juicio ante un jurado es por demás frívolo.

■ El apelante plantea que "la sentencia dictada . . . es nula e ineficaz porque la determinación de causa probable para acusar, es enteramente función de un juez, y por lo tanto el Fiscal estaba impedido de intervenir en este asunto . . . ."

La acusación expresa que "está basada en causa probable determinada por un magistrado conforme a la ley y en testimonios de testigos examinados bajo juramento ante dicho magistrado y ante mí Fiscal, creyendo solemnemente que existe justa causa para presentarla al Tribunal."

Al plantearse la cuestión al tribunal de instancia éste resolvió correctamente al expresar:

"El Tribunal entiende que aunque el Fiscal haya examinado los testigos eso en forma alguna le quita, le resta eficacia jurídica a la determinación de causa probable que hizo el magistrado a tono con la ley."

El propio abogado del apelante en el presente caso planteó la misma cuestión en la jurisdicción federal y el Juez Aldrich expresó al resolverla en el caso de *Nazario Nieves* v. *Delgado*, 514 F.2d 413 (1st Cir. 1975):

"Only with difficulty do we perceive through the constant reiteration of petitioner's conclusory statement that the Puerto Rico prosecuting attorney is 'an arm of the committing magistrate' and 'a one man grand jury', the basic facts from which that conclusion is sought to be drawn....

. . . . . . . .

This argument is so homogenized that we must try to divide it into specifics. First, petitioner may mean to suggest that the prosecutor was an arm of the committing magistrate in obtaining and presenting evidence, so that the magistrate was infected and hence not a neutral in determining probable cause. This is as illogical as it would be to say that the United States Attorney is an arm of the District Judge.

Accordingly it must follow that petitioner is claiming that he was constitutionally entitled to two neutral determinations of probable cause—an unheard of proposition. It is true that the statute requires that the prosecutor find probable cause. This is but an articulated admonition of what must exist in every case: a prosecutor should never prosecute, nor an officer seek a warrant, unless he first satisfies himself that he has grounds for so doing. The fact that the legislature sees fit to call the prosecutor's duty to him in writing gives no special, and particularly no constitutional, rights to a prospective defendant. It follows from this that the prosecutor's examination could not be held a critical stage within Coleman v. Alabama, ante, even before the precise scope of *Coleman* was recently defined in Gerstein v. Pugh, n. 1, ante, and quite apart from the fact that *Coleman* is not retroactive anyway."

*Se confirmará.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau, no intervienen.